| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| GOOGLY EYE CRU, LLC, a New York Limited Liability Company,<br><br>      Plaintiff,<br><br>      v.<br><br>FAST RETAILING USA, INC., a New York Corporation; UNIQLO USA, LLC, a Delaware Limited Liability Company; A.S.H.S. LIMITED, an English Limited Company, d/b/a ANYA HINDMARCH; DOES 1 – 10 inclusive,<br><br>      Defendants. | CASE NO. 1:24-cv-3709 |

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Googly Eye Cru, LLC ("GEC"), by and through its undersigned attorneys, complains and allege against defendants as follows:

## NATURE OF THE ACTION

1. GEC seeks injunctive relief and damages for acts of trademark infringement and unfair competition engaged in by Defendant Fast Retail USA, INC., Uniqlo USA, LLC, and A.S.H.S. Limited, and DOES 1 – 10 (collectively, "Defendants") in violation of the laws of the United States.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Sections 37 and 39 of the Lanham Act (15 U.S.C. §§ 1119 and 1121), and 28 U.S.C. §§1331, 1332, and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over Defendants because Defendants are doing business in the State of New York and this judicial district; Defendants purposefully availed themselves of the privileges of conducting business in the State of New York and this judicial district; and Defendants regularly conduct business within the State of New York and this judicial district.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction within this judicial district.

## THE PARTIES

5. Plaintiff, Googly Eye Cru, LLC ("GEC") is a limited liability company located Kings County, New York and doing business at their retail store in New York, New York. GEC is engaged, *inter alia*, in the creation, promotion and sales of lifestyle and apparel products bearing the GEC trademark in interstate commerce throughout the United States.

6. Upon information and belief, Defendant Fast Retailing USA, Inc. ("Fast Retailing") is a corporation organized and existing under the laws of the State of New York, headquarter at 38 Gansevoort St, New York, NY, United States, 10014. Fast Retailing wholly owns Defendant Uniqlo.

7. Upon information and belief, Uniqlo USA, LLC ("Uniqlo") is a limited liability company organized and existing under the laws of the State of Delaware, headquartered at 546 Broadway, New York, NY 10012. Uniqlo is a subsidiary of Defendant Fast Retailing.

8. Upon information and belief, A.S.H.S. Limited, is an English Limited Company d/b/a Anya Hindmarch ("ASHS") (collectively, "Defendants"), with a headquarters in London, UK. ASHS does business as "Anya Hindmarch" in New York, which gave rise to the claims at issue in this case. Specifically, ASHS did a collaboration with New York-based Defendants, Fast Retailing and its affiliates, to create the infringing products at issue in this matter. The infringing products were thereafter distributed, displayed, and offered for sale in New York, directly targeting New York consumers.

9. Upon information and belief, Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed GEC's Googly Eye trademark, engaged in unfair competition, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Upon information and belief, at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-

ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of GEC's rights and the damages to GEC proximately caused thereby.

## **GOOGLY EYE CRU AND TRADEMARKS**

11. GEC is the owner, and the sole and exclusive licensor and distributor, of high-quality products and services sold and offered for sale under the Googly Eye trademark.

12. GEC has been selling its products with its iconic Googly Eye motif since 2003. The Googly Eye mark is synonymous with quality lifestyle and apparel products such as t-shirts, hats, and other accessories and consumers and the trade instantly identify GEC as the source of all products bearing the Googly Eye trademark.

13. In 2008, GEC was featured on the cover of WGSN trend forecasting and analytics. Beginning in 2007, GEC had wholesale accounts for lifestyle and apparel products with various retailers and their own e-commerce storefront.

14. GEC owns a valid, registered trademark for the use of its iconic Googly Eye motif under U.S. Reg. Nos. 7,041,641. GEC also owns a valid and registered trademark for the use of the iconic single Googly Eye motif under U.S. Reg. No. 6,648,320 (collectively, the "Mark" or "Googly Eye Mark"). GEC obtained ownership of the signed Googly Eye motif via transfer agreement.

15. Examples of the use of the Googly Eye trademark in the marketplace are attached shown below:

/ / /

/ / /

**Plaintiff's Registered Marks:**



| | |
|---|---|
| Wordmark | |
| Status | LIVE REGISTERED |
| Goods & services | IC 025: Hats; Leggings; Pants; Scarfs; Shorts; Sleepwear; Socks;... |
| Class | 025 |
| Serial | 97327705 |
| Owners | Googly Eye Cru, LLC (LIMITED LIABILITY COMPANY; NEW YORK, USA) |



| | |
|---|---|
| Wordmark | GOOGLY EYE CRU |
| Status | LIVE REGISTERED |
| Goods & services | IC 035: On-line retail store services featuring apparel, home goods,... |
| Class | 035 |
| Serial | 90460722 |

**Non-inclusive Exemplar of Plaintiff's Use of Subject Mark:**








16. Consumers have been exposed to the Googly Eye trademark through GEC's online storefront, brick-and-mortar retail store, and through social media.

17. Consumers have also been exposed to the Mark through GEC's collaborations with retailers, similar to the collaboration at issue in this case.

18. Similarly, GEC's incorporation of the Mark into its product design has become instantly recognizable within the lifestyle and apparel industry, constituting GEC's original trade dress when incorporated onto lifestyle and apparel products.

19. GEC uses the Mark as a source identifier, which is evidenced by the inclusion of the Mark on the hangtag of the products and packaging.

20. GEC endeavors to maintain the prestige and reputation for quality associated with the Googly Eye trademark. As a result of GEC's strict quality control standards imposed in the manufacture of all the product bearing the Googly Eye Mark, public acceptance among consumers for product bearing the Googly Eye trademark is widespread.

**DEFENDANTS' ACTS OF INFRINGEMENT**

21. Upon information and belief, Defendant Fast Retailing, through its wholly owned subsidiary Uniqlo launched a global collaboration with Anya Hindmarch in 2023. Since the launch of this fashion collaboration, "Uniqlo x Anya Hindmarch 2023 Winter Collection" Defendants have used the Googly Eye Mark in connection with their apparel (the "Infringing Mark"). True and correct screen captures exhibiting Defendant's infringing use of GEC's mark are shown below:

**Non-inclusive Exemplars of Infringing Mark**








22. Upon information and belief, Defendants are using the Infringing Mark in connection with goods that are closely connected to GEC's product bearing the Googly Eyed trademark, including hats, gloves, and scarves.

23. Defendants are also using the Infringing Mark as a source-identifier, by including the Infringing Mark on the hangtag and product packaging.

24. On January 3, 2024, GEC sent a letter to Fast Retailing demonstrating its prior uses and rights in the Googly Eye mark and requested to discuss a resolution to the dispute but to no avail.

25. Here, GEC's mark and the Infringing Mark used by Defendants are the same and the goods and/or services are related.

26. Defendants' use of the Infringing Mark has caused, and will continue to cause, confusion in the marketplace, harm to the business reputation and goodwill of the Googly Eye mark and to GEC and damage to GEC's business relations with consumers and prospective consumers for its products.

# FIRST CLAIM FOR RELIEF

(Trademark Infringement - Against All Defendants, and Each)

27. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

28. GEC is the owner of the valid, distinctive mark in Googly Eye as to apparel products. GEC has been using the Googly Eye mark in commerce continuously since 2003 and through its promotion and publicity it has acquired secondary meaning in the lifestyle product market. The Mark is strong and well known and is entitled to a broad scope of protection. GEC uses the Mark as a source identifier, by including the Mark on hangtags and product packaging.

29. The Googly Eye mark has acquired secondary meaning and consumers associate the Googly Eye mark exclusively with GEC products. The secondary meaning acquired is evidenced by the intentional and precise copying by Defendants, the continued and extensive use of the Googly Eye mark in Defendants advertisements for the same products, the duration of GEC's continuous advertisements, sales, and manufacturing of GEC products featuring the iconic Googly Eye Mark.

30. Defendants' use of the Infringing Mark in connection with lifestyle products is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association with GEC, or as to the origin, sponsorship or approval of Defendants' goods and services. Defendants' use of the Googly Eye mark has not been authorized by Plaintiff. Consumers, including Defendants' customers, are likely to believe that their use of the Infringing Mark indicates an affiliation, connection, association with, and/or sponsorship or approval of GEC.

31. Defendants' use of the Infringing Mark in connection with apparel and lifestyle products is likely to cause both forward and reverse confusion, including without limitation, as to

whether some affiliation, connection, or association between Plaintiff and Defendants. The confusing similarity between the marks is likely to cause consumers to both associate Plaintiff's products with Defendants and Defendants' products with Plaintiff.

32. As a result of Defendants' infringing acts, GEC has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. In addition, as a result of Defendant's infringing acts, GEC has suffered and will continue to suffer irreparable harm, and it has no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' infringing acts, GEC will continue to suffer a risk of irreparable harm.

33. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

34. On information and belief, Defendants' infringing acts have been knowing, intentional, wanton, and willful, entitling GEC to treble damages, profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

35. Defendants' acts have damaged and will continue to damage GEC, and GEC has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Googly Eye mark, GEC will suffer irreparable harm.

**SECOND CLAIM OF RELIEF**
(For Trade Dress Infringement, False Designation of Origin, and Unfair Competition (15 U.S.C. § 1125(a)) – Against all Defendants)

36. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

37. Defendants advertisements, promotions, offers to sell, sales, and distribution, manufacture, and/or importation of products featuring or incorporating the Infringing Mark in its products in direct competition with GEC, constitutes common law trade dress infringement, at least because Defendants use of GEC's trade dress and/or colorable imitations thereof is likely to

cause consumer confusion as to the origin or sponsorship and affiliation of its products, at least by creating the false and misleading impression that its products are manufactured by, created by, authorized by, or otherwise associated with GEC.

38. GEC's trade dress is entitled to protection under common law. GEC's trade dress includes unique, distinctive, and nonfunctional Googly Eye Marks and each of their inherently distinctive qualities have achieved high degree of consumer recognition and serve to identify GEC as the source of the product bearing said trade dress.

39. The aforementioned trade dress is of such a unique and unusual quality that a consumer would immediately rely on said designs to differentiate the source of goods.

40. GEC has extensively and continuously promoted and used its trade dress in the United States and New York. Through that extensive and continuous use, GEC's trade dress has become a well-known indicator of the originality and quality of GEC's products.

41. Plaintiff's trade dress has acquired secondary meaning in the lifestyle and apparel marketplace. Moreover, GEC's trade dress acquired its secondary meaning long before Defendant's commenced its unlawful use of GEC's trade dress in connection with its products.

42. Defendants have misappropriated several of GEC's trade dress designs by copying several nonfunctional elements of the Plaintiff's trade dress.

43. Defendant's manufacture, promotion, and distribution of the products containing elements that copies a combination of several elements of GEC's protected trade dress is likely to cause confusion or mistake, or to deceive consumers as to the affiliation, connection, or association of products with the GEC brand, or to the origin, sponsorship, or approval by GEC of the products.

44. Defendants use of the trade dress without authorization is in furtherance of its willful, deliberate, and bad faith scheme to trade upon extensive consumer goodwill and

13
COMPLAINT

recognition GEC has established in the trade dress, and sow consumer confusion between the parties and their products.

45. Defendants use of Plaintiff's trade dress and/or colorable imitations thereof has caused, and unless enjoined, will continue to cause substantial and irreparable injury to the goodwill and reputation for quality associated with GEC's trade dress, GEC's products, and GEC.

46. Defendant's manufacture, promotion, and distribution of lifestyle and apparel products that copy a combination of several elements of the GEC trade dress enables Defendants to benefit unfairly from GEC's reputation and success.

47. Defendants use of the GEC trade dress is without authorization from GEC and is likely to dilute the distinctive quality of the GEC trade dress, decrease the capacity of that trade dress to identify and distinguish GEC products and to cause harm to GEC's business reputation. Defendants' acts complained of herein constitute trade dress dilution in violation of 15 U.S.C. § 1125(c).

48. Defendants use of GEC's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced, at least, by Defendants direct, continuous, and egregious copying of numerous GEC products and designs and continued disregard for GEC's rights.

49. Defendants have made and will continue to make, substantial profits and gain from its use of the GEC trade dress in the United States, to which they are not entitled in law or equity.

50. GEC is entitled to injunctive relief and recovery of her actual damages, Defendants' profits, punitive damages, costs, and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Googly Eye Cru demands judgment against Defendants as follows:

1. Finding that Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from advertising, marketing, promoting, supplying, distributing, offering for sale or selling skin care products or services with the Googly Eye mark.

3. Directing that Defendants account to and pay over to GEC all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

4. Awarding GEC statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

5. Awarding GEC actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

6. Awarding GEC costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

7. Requiring Defendants to deliver to GEC for destruction or other disposition all remaining inventory or materials bearing the Infringing Mark, including all advertising, promotional and marketing materials therefor, as well as all means of making the same.

8. Awarding GEC pre-judgment interest on any monetary award made part of the judgment against Defendants.

9. Awarding GEC such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 14, 2024      By:      */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Mackenzie Paladino, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
mpaladino@donigerlawfirm.com
(310) 590-1820

*/s/ Jeffrey S. Gluck*
Jeffrey S. Gluck, Esq.
GLUCK LAW FIRM P.C.
16950 Via De. Santa Fe
Rancho Santa Fe, California 92067
jeff@gluckip.com

*Attorneys for Plaintiff*