USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/31/2025

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLY EYE CRU, LLC, | : |
| | : |
| Plaintiff, | : NO.: 1:24-cv-03709-VM |
| | : |
| vs. | : |
| | : |
| FAST RETAILING USA, INC., a New York Corporation; UNIQLO USA, LLC, a Delaware LLC; A.S.H.S LIMITED, an English Limited Company, d/b/a ANYA HINDMARCH; DOES 1 – 10 Inclusive, | : |
| | : |
| Defendants. | : |

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Googly Eye Cru, LLC ("GEC" or "Plaintiff"), on the one hand, and Defendants Fast Retailing USA, Inc. ("Fast Retailing"), Uniqlo USA, LLC ("Uniqlo"), and A.S.H.S. Limited d/b/a Anya Hindmarch ("A.S.H.S.," and together with Fast Retailing and Uniqlo, "Defendants"), on the other hand, stipulate to the following Protective Order ("Stipulation and Order") limiting the disclosure and use of certain discovered information as hereinafter provided:

1. As used herein, "Action" shall mean the above-captioned case and shall not include related cases unless this Stipulation and Order is amended to explicitly cover such related cases.

2. As used herein, "Confidential Material" shall mean documents, electronic records, interrogatory answers, responses to requests for admissions, responses to requests for production, and deposition and other court transcripts (and any information derived therefrom) that are, or that disclose, trade secrets, confidential research, marketing, financial, technical, development and/or other commercial and/or personal information and that are designated pursuant to the provisions

21863898v1

set forth below as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

3. Each party to the Action shall have the right to designate its Confidential Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with the terms of this Stipulation and Order.

4. All Confidential Material shall be used by the receiving party solely for the purposes of the prosecution or defense of this Action, shall not be used by any receiving party for any business, commercial, competitive, personal or other purpose besides prosecution or defense of this Action, shall not be disclosed by any receiving party to anyone other than those set forth in the paragraphs below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned Action based on his or her evaluation of Confidential Material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," provided that such advice or opinions shall not reveal the content of such Confidential Material except by prior written agreement of counsel for the parties, or by order of the Court.

5. Confidential Material shall only be disclosed or made available by the party receiving such information to "Qualified Persons." Prior to disclosing Confidential Material, the party making such disclosure shall ensure that the individual to whom disclosure is to be made reads and signs a copy of the Certification attached to and made a part of this Stipulation and Order.[1]

6. With respect to Confidential Material designated as "CONFIDENTIAL," Qualified Persons are defined to be:

---

[1] This requirement shall not apply to Confidential Material disclosed to the Court or court reporters.

21863898v1

(a) the Court;

(b) counsel to the parties in the Action and clerical and secretarial staff employed by such counsel, including but not limited to paralegals, as well as litigation support service providers engaged by such counsel, including but not limited to printing companies;

(c) court reporters retained to transcribe depositions or court proceedings in the Action during which Confidential Material is disclosed;

(d) experts retained by the parties for purposes of the prosecution or defense of this action;

(e) the parties, as well as the officers, directors, and regular employees of the parties on a need to know basis; and

(f) any other person the parties agree to in advance and in writing.

7. Confidential Material shall not be disclosed by the recipient to persons other than Qualified Persons. However, nothing contained herein shall prevent any party from disclosing its own Confidential Material as it deems appropriate.

8. The designation of documents as "CONFIDENTIAL" shall be made by placing a stamp, sticker, or other impression stating "CONFIDENTIAL" on each page of a document, and on each page of each divisible part of or attachment to the document, which the designating party wishes to designate as confidential. Deposition transcripts and the exhibits thereto, and documents produced by nonparties in connection with depositions, may be so designated either (1) prior to or during the deposition, in which case the documents designated shall be marked "CONFIDENTIAL" and the transcript of the designated testimony shall be marked "CONFIDENTIAL" by the reporter; or (2) by written notice to the reporter and all counsel of record, given within ten (10) days after the transcript or the copies of the documents are received

by the witness or his counsel or by any party or its or his counsel, in which case all counsel receiving such notice shall be responsible for appropriately marking as "CONFIDENTIAL" the copies of the designated documents and transcripts in their possession or under their control.

9. A higher level of protection shall be provided for documents, testimony, information, or other materials designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Confidential Materials may only be designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if they are highly sensitive in nature, and the producing party reasonably believes that the disclosure of such material is likely to cause either unnecessary harm to non-parties such as individuals or other businesses, or economic harm or significant competitive disadvantage to the producing party, such as trade secrets and certain pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, testing documents, employee information, and other non-public information of similar competitive and business sensitivity. With respect to Confidential Material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," Qualified Persons shall be limited to the persons identified by Paragraphs 6(a), 6(b), 6(c), 6(d), and 6(f), but **shall not be accessed by or discussed with persons identified by Paragraph 6(e), *i.e.*, the parties to this case or regularly employed employees, consultants and/or other representatives of a party to this case**. Documents, testimony, information and other materials designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall otherwise be subject to the same level of protection provided in the Stipulation and Order for materials designated "CONFIDENTIAL." Documents, testimony, information or other materials designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be designated in the same manner as materials designated "CONFIDENTIAL" with the use of the words "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" in place of or in addition to the word "CONFIDENTIAL."

10. If a party seeks to file a document (or portion thereof) that contains Confidential Material with the Court before, during, or after trial in the Action, the party must do so under seal. If Confidential Material is going to be presented to the Court and/or jury during a hearing or trial in the Action, the presenting party shall ensure the protection of such Confidential Material in a manner to which the parties have agreed in advance of any such hearing or trial or as ordered by the Court.

11. Each Qualified Person to whom any Confidential Material is disclosed pursuant to this Stipulation and Order shall be advised that the Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulation and Order.

12. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Order shall not: (a) operate as an admission by any party that any particular document, material, or information contains or reflects trade secrets, proprietary or commercial information, or other Confidential Material; or (b) prejudice in any way the right of a party to (i) seek a determination by the Court of whether any particular document or material should be produced or, if produced, whether it should be subject to the terms of this Stipulation and Order, (ii) interpose an objection to a request for discovery on any ground, or (iii) seek relief on notice from any provision(s) of this Stipulation and Order, either generally or as to any particular document, material or information.

13. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

14. In the event counsel for the party receiving Confidential Material objects to the designation of any or all of such items as "CONFIDENTIAL," said counsel shall advise the producing party of such document or documents, in writing, of such objections and the reasons

therefore. If the parties fail to resolve the dispute among themselves, it shall be the obligation of the party objecting to the designation of material as "CONFIDENTIAL" to file an appropriate motion to obtain a prompt ruling from the Court concerning the confidentiality of the items in dispute and confidentiality in accordance with the terms of this Stipulation and Order shall be maintained pending resolution of the dispute.

15. In the event counsel for the party receiving Confidential Material objects to the designation of any or all of such items as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," said counsel shall advise the producing party of such document or documents, in writing, of their objections and the reasons therefore. If the parties fail to resolve the dispute among themselves, it shall be the obligation of the party objecting to the designation of material as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to file an appropriate motion to obtain a prompt ruling from the Court concerning the confidentiality of the items in dispute and confidentiality and the Attorneys' Eyes Only protection shall be maintained pending resolution of the dispute.

16. Until such time as a dispute concerning a designation pursuant to this Stipulation and Order is resolved, or the time for such resolution has expired, the parties shall comply with the confidentiality designation made by the producing party.

17. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential Material, it may do so only after giving notice to and obtaining approval from the producing party, and/or as directed by the Court.

18. The inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to

any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by the producing party notifying, in writing, counsel for all parties to whom the material was disclosed that the material should not have been disclosed and should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and notifying counsel of steps to be taken to rectify the disclosure and to retrieve the disclosed materials. Such notice shall constitute a designation of the information, document or thing as Confidential Material hereunder.

19. The inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity, or constituting personally identifiable information subject to disclosure restrictions under the UK General Data Protection Regulation ("GDPR") and UK Data Protection Act 2018 ("DPA 2018") (together "UK Data Protection Regime"), shall not constitute a waiver by the producing party of any claims of privilege or work product immunity or disclosure restriction under the UK Data Protection Regime, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity, or constituting personally identifiable information subject to disclosure restrictions under the UK Data Protection Regime, is discovered and brought to the attention of the receiving party (either by the producing party or the receiving party itself), the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5). Specifically, the receiving party must refrain from further use or examination of the materials that may be privileged and/or subject to disclosure restrictions under the UK Data Protection Regime, and shall immediately segregate them in a manner that will

prevent further disclosure or dissemination of their contents. Furthermore, within ten (10) days of receiving notice and instruction from the producing party, the receiving party shall destroy or return all original materials identified by the producing party in such notice, shall destroy or delete any and all copies thereof, and shall expunge from any other document, information, or material derived from the inadvertently produced privileged material.

If there is a dispute over whether the clawed-back materials at issue are protected from disclosure by virtue of privilege or other immunity from discovery, the copies of the materials in the receiving party's possession shall nevertheless be destroyed or returned to the producing party along with all copies thereof in accordance with this section. All counsel shall undertake efforts to resolve the issue of whether the materials are privileged without Court intervention.

20. In the event that a receiving party receives from a producing party any information, document, or thing that it believes to be Confidential Material that was not but should have been designated as such, or any information, document, or thing that it believes to be protected by privilege or work-product immunity, the receiving party shall so notify the producing party immediately, in writing.

21. Notwithstanding Paragraph 2, no information that is in the public domain or which is already known by the receiving party through proper, public means, or which is or becomes available to a party from a source other than the party asserting confidentiality (provided that such source is rightfully in possession of such information on a non-confidential basis), shall be considered to be Confidential Material under this Stipulation and Order.

22. This Stipulation and Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.

23. To the extent that any discovery is taken of persons who are not parties to this Action ("Third Parties"), and in the event that such Third Parties contend that the discovery sought

involves documents and information that are or that disclose confidential and/or proprietary information, then such Third Parties may agree in writing to be bound by this Order and may designate such information pursuant to the provisions set forth herein as Confidential Material and use the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

24. Upon termination of the Action, the party receiving Confidential Material shall return all such Confidential Material and copies thereof to the producing party. In lieu of return of copies, counsel for the producing party may agree to accept an appropriate certification that all such copies have been destroyed.

25. This Stipulation and Order may be modified by agreement of the parties, subject to approval by the Court, or by Order of the Court upon good cause shown.

26. The Court retains the right to allow disclosure of any subject covered by this Stipulation and Order or to modify this Stipulation and Order at any time in the interest of justice.

**So Agreed on this 30th day of July, 2025:**

| **DONIGER / BURROUGHS** | **KATTEN MUCHIN ROSENMAN LLP** |
|---|---|
| */s/ David Michael Stuart Jenkins*<br>David Michael Stuart Jenkins, Esq.<br>Scott Alan Burroughs, Esq.<br>247 Water Street, First Floor<br>New York, New York 10038<br>djenkins@donigerlawfirm.com<br>scott@donigerlawfirm.com<br>Telephone: (310) 590-1820<br><br>*Attorneys for Plaintiff Googly Eye Cru, LLC* | */s/ Kristin J. Achterhof*<br>Kristin J. Achterhof (*admitted pro hac vice*)<br>Matthew Hartzler (*admitted pro hac vice*)<br>525 West Monroe Street<br>Chicago, Illinois 60661-3693<br>Telephone: (312) 902-5296<br>Kristin.achterhof@katten.com<br>Matthew.hartzler@katten.com<br><br>Zachary S. Beal<br>50 Rockefeller Plaza<br>New York, New York 10020<br>Telephone: (212) 940-8800<br>Zachary.beal@katten.com<br><br>*Attorneys for Defendants Fast Retailing USA, Inc. and UNIQLO USA LLC* |

**ROYER COOPER COHEN BRAUNFELD LLC**

/s/ *Julie M. Latsko*
Barry L. Cohen, Esq.
Julie M. Latsko, Esq.
Three Logan Square
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
Phone: 484-362-2628
Email: bcohen@rccblaw.com
          jlatsko@rccblaw.com

*Attorneys for Defendant A.S.H.S. Limited d/b/a Anya Hindmarch*

**SO ORDERED:**

July 31, 2025

_____
Honorable Victor Marrero, U.S.D.J.

10

21863898v1