Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Colorado, and Illinois

Sender's contact:
djenkins@donigerlawfirm.com
(310) 590-1820

> **MEMO ENDORSED**
>
> _[signature]_
>
> **HON. VALERIE FIGUEREDO**
> **UNITED STATES MAGISTRATE JUDGE**
>
> **Dated: December 2, 2025**
>
> In light of Defendant's representations at ECF Nos. 42 and 43, it appears that scheduling a conference now to address the issues raised by Plaintiff in the letter at ECF No. 40 may be premature. The parties are hereby directed to provide a joint status update by **January 9, 2026**, and the update should indicate whether any discovery disputes remain outstanding.

**DELIVERED VIA EMAIL**

Hon. Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 15B
New York, New York 100007-1312

|  |  |
|---|---|
| Re: | *Googly Eye Cru, LLC v. Fast Retailing et. al* |
| Case No.: | **1:24-cv-03709-VM** |
| Matter: | **Request for Pre-Motion Conference on Motion to Compel** |

Your Honor:

We write on behalf of Plaintiff, Googly Eye Cru, LLC, pursuant to Your Honor's Individual Rules II(A) to request a pre-motion conference on a motion to compel discovery from Defendant A.S.H.S. Limited d/b/a Anya Hindmarch ("ASHS"). As ventilated below, ASHS has to date failed to produce documents and information reflecting numerous relevant and discoverable topics. Counsel for the parties have met and conferred over these disputes but were unable to reach a resolution.

On a motion to compel, the party resisting discovery "bears the burden of showing why discovery should be denied, and specifically, the resisting party must show how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, LLC, 314 F.R.D. 85 (S.D.N.Y. 2016). Here, ASHS is resisting the production of relevant and discoverable documents and information and fails to justify doing so, as follows:

**Interrogatories No. 7, 8:** Interrogatory No. 7 asks ASHS to "State the gross revenues received by YOU in connection with the distribution or sale of the INFRINGING PRODUCTS." And Interrogatory No. 8 asks ASHS to "State how the gross revenues received by YOU in connection with the distribution or sale of the INFRINGING PRODUCTS were calculated." ASHS once again copies word-for-word its objections and reaches the same conclusion as No. 7. Initially, ASHS simply provided boilerplate objections that "it did not receive 'gross revenues' in connection with the distribution and sale of products in the "UNIQLO x Anya Hindmarch 2023 Winter Collection" and refused to produce any documents or information responsive to these interrogatories.

At the parties' meet and confer, ASHS's counsel confirmed that it would produce documents reflecting its "compensation" from the sale or distribution of all apparel and related products bearing the allegedly infringing "googly eye mark" at issue and provide supplemental responses to Interrogatories Nos. 7 and 8

accordingly. Despite this and numerous follow-up communications from Plaintiff's counsel, ASHS have yet to produce any documents reflecting said compensation. Plaintiff respectfully requests that this Court order ASHS to produce these documents and supplemental interrogatory responses.

ASHS Response to Requests for Production Nos. 1, 9, 10, 28:

These requests sought the following documents:

1:      Exemplars of each of the INFRINGING PRODUCTS, including but not limited to each product in the "UNIQLO x Anya Hindmarch 2023 Winter Collection."
9:      All DOCUMENTS that constitute, reflect, or show the total sales of each of the 12 INFRINGING PRODUCTS.
28:     DOCUMENTS sufficient to identify all manufacturers, distributors, retailers, or vendors for the INFRINGING PRODUCTS.

In response to each of the above requests, ASHS initially refused to commit to producing any documents document production or confirm that it has searched for documents and has none responsive to the request and instead simply stated that the other defendants in this matter may have responsive documents, but this is not a sufficient response. ASHS cannot evade discovery by simply directing Plaintiff to seek the requested documents elsewhere. To be sure, even where requested documents are already available to the requesting party, the responding party is still obligated to search for and produce those documents on its own. See *Milner v. City of Bristol*, No. 3:18CV01104(JAM), 2020 WL 6049261, at *3 (D. Conn. Oct. 13, 2020), citing *Charter Practices Int'l, LLC v. Robb*, No. 3:12CV01768(RNC)(DFM), 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014); ("An objection that the information sought in an interrogatory or request for production is "equally available" to the requesting party is "insufficient to resist a discovery request.")

In light of the foregoing, Plaintiff respectfully requests a discovery conference before Your Honor on its anticipated motion to compel the above documents and information from ASHS. We thank Your Honor for your attention to this matter..

Regards,

By:     */s/ David M.S. Jenkins*
        David M.S. Jenkins
        For the Firm

207 Water Street, First Floor / New York, New York 10038
Telephone: (310) 590-1820 / www.donigerlawfirm.com