**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: February 20, 2026**

Defendants' motion will be addressed at the conference on February 24, 2026. Plaintiff's response, if any, is due by the close of business on **February 23, 2026**.

February 19, 2026

*Via ECF*

Hon. Valerie Figueredo, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1660
New York, New York 10007-1312

**Re:** *Googly Eye Cru, LLC v. Fast Retailing et al.* **(Case No. 1:24-cv-03709-VM)**
**Matter: Defendant Uniqlo USA LLC's Letter Motion Regarding Plaintiff's**
**Deficient Responses to Requests for Admission**

Dear Judge Figueredo,

This law firm represents Defendants A.S.H.S. Limited d/b/a Anya Hindmarch ("A.S.H.S."), Uniqlo USA LLC ("Uniqlo"), and Fast Retailing USA, LLC ("Fast Retailing," and together with A.S.H.S. and Uniqlo, "Defendants") in the above-referenced litigation (the "Action"). We write pursuant to Judge Marrero's Individual Rule II(A)(2) and Your Honor's Individual Rule II(c)(3) and submit this letter in advance of the February 24, 2026 pre-motion conference to bring to the Court's attention a discovery dispute concerning Plaintiff Googly Eye Cru, LLC's ("Plaintiff") deficient responses to Defendant Uniqlo USA LLC's First Set of Requests for Admission (the "Requests"). A copy of the Requests is attached hereto as Exhibit A.

On December 23, 2025, Uniqlo served the Requests on Plaintiff. The Requests sought admissions regarding Plaintiff's possession of documents evidencing sales in interstate commerce of apparel items bearing Plaintiff's marks prior to 2021, as well as any invoices or receipts relating to such sales.

On January 22, 2026, Plaintiff served its Responses, asserting boilerplate objections such as "vague" and "ambiguous," and denying all Requests. A copy of Plaintiff's Responses is attached as Exhibit B.

On February 4, 2026, at 1 p.m. Eastern, the parties met and conferred regarding Plaintiff's deficient responses. The conference lasted approximately twenty minutes. Attendees included David MS Jenkins, counsel for Plaintiff, as well as Kristin Achterhof and Barry Cohen, counsel for Defendants. Counsel for Uniqlo stated during the conference that the meeting was called to better understand Plaintiff's responses and objections to the Requests and to see if the parties could work through the objections and avoid Court intervention.

# Katten

February 19, 2026
Page 2


During that discussion, counsel for Plaintiff indicated that Plaintiff denied the Requests on the basis that Plaintiff believes it has previously produced (1) documents evidencing sales in interstate commerce of apparel items bearing Plaintiff's marks prior to 2021, and (2) documents (invoices or receipts) relating to the sale of apparel items bearing Plaintiff's marks prior to 2021.

On February 5, 2026, counsel for Uniqlo sent correspondence memorializing the parties' meet and confer and requesting that, by no later than February 17, 2026 (one week prior to the scheduled pre-motion conference before this Court) Plaintiff supplement its Responses to the Requests, citing to the specific documents Plaintiff contends are responsive. Uniqlo alternatively requested that, if Plaintiff ultimately determined it does not possess such documents, Plaintiff amend its responses accordingly and re-serve them by that same date. A copy of the correspondence is attached hereto as Exhibit C.

Plaintiff did not respond to Defendant's February 5, 2026 correspondence or follow-up correspondence that Defendant's counsel sent on February 19, 2026, again in an effort to resolve this matter without Court intervention. *See* Exhibit C.

Uniqlo respectfully requests that the Court address this dispute at the February 24, 2026 pre-motion conference and direct Plaintiff to either (1) supplement its responses by citing to the specific documents upon which its denials are based, or (2) amend its responses to admit the Requests if no such documents exist.

Sincerely,

Kristin J. Achterhof

cc:     All Counsel of Record (*via* ECF)